UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEREMY SCOTT FIELDS                    CIVIL ACTION NO. 21-cv-1310

VERSUS                                 CHIEF JUDGE HICKS

GENERAL MOTORS, LLC, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jeremy Scott Fields ("Plaintiff") filed this civil action in federal court against General Motors, LLC and Mansfield Auto World, Inc. based on an assertion of diversity jurisdiction. Plaintiff also invokes the Magnuson-Moss Warrant Act. The court is obligated to determine whether it has subject matter jurisdiction.

The Magnuson-Moss Warranty Act confers federal question jurisdiction over breach of warranty claims where the amount in controversy exceeds $50,000, exclusive of interest, costs, and attorney fees. 15 U.S.C. § 2310(d)(3); Scarlott v. Nissan North America, Inc., 771 F.3d 883, 887 (5th Cir. 2014). Based on the allegations in the complaint, the court finds that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(3). This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

Plaintiff appears to primarily base subject matter jurisdiction on diversity of citizenship. He alleges that he is a citizen of Texas. The citizenship of General Motors, LLC is based on that of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Plaintiff alleges that the LLC is "100% owned by General Motors Holding

LLC," which is in turn "100% owned by General Motors Company." The company is alleged to be incorporated in Delaware with its principal place of business in Michigan. Those allegations would be sufficient to allege citizenship with respect to General Motors, LLC if, when Plaintiff alleges that one company is 100% owned by another, he means that the other company is the sole member of that LLC. The court will assume that is what Plaintiff intended and that this correctly alleges the citizenship of General Motors, LLC unless, within 14 days after General Motors LLC makes an appearance in this case, it files specific, written information to the contrary.

Plaintiff alleges that Mansfield Auto World, Inc. is a Louisiana corporation authorized to do business in Louisiana. A critical component of the citizenship of a corporation under 28 U.S.C. § 1332 is the state in which the corporation has its principal place of business, which is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181 (2010). It appears that the corporation at issue is a local car dealership that likely has its principal place of business in Louisiana. The court will assume that to be the case unless, within 14 days after Mansfield Auto World, Inc. makes an appearance in this case, it files specific, written information to the contrary.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of May, 2021.



Mark L. Hornsby
U.S. Magistrate Judge